UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

KAIDEE SLOAN,

        Plaintiff,

v.

NANCY A. BERRYHILL, Deputy Commissioner of Social Security for Operations,

        Defendant.

CASE NO. C18-5014-MAT

ORDER RE: SOCIAL SECURITY DISABILITY APPEAL

Plaintiff Kaidee Sloan proceeds through counsel in her appeal of a final decision of the Commissioner of the Social Security Administration (Commissioner). The Commissioner denied plaintiff's applications for Disability Insurance Benefits (DIB) and Supplemental Security Income (SSI) after a hearing before an Administrative Law Judge (ALJ). Having considered the ALJ's decision, the administrative record (AR), and all memoranda of record, this matter is REMANDED for further administrative proceedings.

## **FACTS AND PROCEDURAL HISTORY**

Plaintiff was born on XXXX, 1968.[1] She completed the eleventh grade of high school, obtained her GED, and attended a few college courses. (AR 59-60.) She previously worked as a

---

[1] Dates of birth must be redacted to the year. Fed. R. Civ. P. 5.2(a)(2) and LCR 5.2(a)(1).

ORDER
PAGE - 1

cashier, administrative clerk, and office manager. (AR 104-05.)

Plaintiff filed DIB and SSI applications in May and August 2014 respectively, alleging disability beginning August 1, 2011. (AR 321, 324.) Her applications were denied initially and on reconsideration.

On July 25, 2016, ALJ Peter Belli held a hearing. (AR 113-36.) The ALJ took testimony from plaintiff, but continued the hearing in order to allow for the inclusion of additional medical records. The ALJ held a second hearing on February 10, 2017, taking testimony from plaintiff and a vocational expert (VE). (AR 46-112.) On May 4, 2017, the ALJ issued a decision finding plaintiff not disabled. (AR 22-34.)

Plaintiff timely appealed. The Appeals Council denied plaintiff's request for review on January 2, 2018 (AR 1), making the ALJ's decision the final decision of the Commissioner. Plaintiff appealed the final decision to this Court.

## JURISDICTION

The Court has jurisdiction to review the ALJ's decision pursuant to 42 U.S.C. § 405(g).

## DISCUSSION

The Commissioner follows a five-step sequential evaluation process for determining whether a claimant is disabled. *See* 20 C.F.R. §§ 404.1520, 416.920 (2000). At step one, it must be determined whether the claimant is gainfully employed. The ALJ found plaintiff had not engaged in substantial gainful activity since the alleged onset date. At step two, it must be determined whether a claimant suffers from a severe impairment. The ALJ found the following severe impairments: degenerative disc disease of the cervical, lumbar, and thoracic spine; degenerative joint disease of the lumbar spine; neuropathy; lupus; degenerative joint disease and osteoarthritis of the right shoulder; osteopenia; chronic pain; major depressive disorder; anxiety

ORDER
PAGE - 2

disorder; posttraumatic stress disorder; and bipolar II disorder. Step three asks whether a claimant's impairments meet or equal a listed impairment. The ALJ found plaintiff's impairments did not meet or equal the criteria of a listed impairment.

If a claimant's impairments do not meet or equal a listing, the Commissioner must assess residual functional capacity (RFC) and determine at step four whether the claimant has demonstrated an inability to perform past relevant work. The ALJ found plaintiff able to perform light work, except that she can sit for eight hours in an eight-hour day, with normal breaks and a sit/stand option, not leaving the work station and remaining on-task, sitting for thirty-to-forty minutes at one time and then changing position; can stand and/or walk for six hours in an eight-hour day, with normal breaks, and for only twenty-to-thirty minutes at a time and then must sit for a period of five-to-ten minutes; cannot climb ladders, ropes, or scaffolds; can occasionally stoop, crouch, crawl, and/or kneel; can less than occasionally work above shoulder height with the right upper extremity; has no reaching limitations with the left upper extremity; can frequently perform fine and gross manipulations with the bilateral upper extremities; can receive, remember, understand, and carry out simple instructions, only occasionally do so with detailed instructions, and cannot do so with complex instructions; can appropriately interact with the public, coworkers, and supervisors; and can make adjustments to changes in the workplace and make workplace judgments. With that assessment, the ALJ found plaintiff able to perform past relevant work as a customer service representative and executive assistant as those jobs are generally performed.

If a claimant demonstrates an inability to perform past relevant work, or has no past relevant work, the burden shifts to the Commissioner to demonstrate at step five that the claimant retains the capacity to make an adjustment to work that exists in significant levels in the national economy. With the assistance of the VE, the ALJ found plaintiff capable of performing other jobs,

such as work as a router, toll collector, and storage facility clerk.

This Court's review of the ALJ's decision is limited to whether the decision is in accordance with the law and the findings supported by substantial evidence in the record as a whole. *See Penny v. Sullivan*, 2 F.3d 953, 956 (9th Cir. 1993). *Accord Marsh v. Colvin*, 792 F.3d 1170, 1172 (9th Cir. 2015) ("We will set aside a denial of benefits only if the denial is unsupported by substantial evidence in the administrative record or is based on legal error.") Substantial evidence means more than a scintilla, but less than a preponderance; it means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989). If there is more than one rational interpretation, one of which supports the ALJ's decision, the Court must uphold that decision. *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002).

Plaintiff argues the ALJ erred in assessing the opinions of a physician, her testimony, and lay testimony. She requests remand for an award of benefits or, in the alternative, for further administrative proceedings. The Commissioner argues the ALJ's decision has the support of substantial evidence and should be affirmed.

<u>Physician's Opinion</u>

Plaintiff avers error in the ALJ's evaluation of the opinion of treating physician Dr. Wayne Daniel. In general, more weight should be given to the opinion of a treating physician than to a non-treating physician, and more weight to the opinion of an examining physician than to a non-examining physician. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1996). Where contradicted by the opinion of another physician, as in this case, a treating or examining physician's opinion may not be rejected without "'specific and legitimate reasons' supported by substantial evidence in the record for so doing." *Id*. at 830-31 (quoting *Murray v. Heckler*, 722 F.2d 499, 502 (9th Cir. 1983)).

Dr. Daniel completed a Summary Impairment Questionnaire on August 5, 2016. (AR 2154-55.) He included diagnoses of cervicalgia with degenerative disc disease, wrist pain, low back pain with sciatica, chronic complex pain, and PTSD with depression, and based those diagnoses on "Exam, imaging." (AR 2154.) He noted primary symptoms of chronic pain from plaintiff's back and fibromyalgia. Dr. Daniel opined plaintiff could sit, stand, and/or walk two hours in an eight-hour day, needed to elevate her right leg to waist level while sitting, could occasionally lift and carry five-to-ten pounds, could never/rarely grasp, turn, and twist objects or perform fine manipulations on the left and only occasionally do so on the right, could not reach on the right and could occasionally reach on the left. (AR 2155.) She would likely be absent from work more than three times a month. These limitations applied as far back as March 25, 2015, the date Dr. Daniel began treatment. (AR 2154-55.)

The ALJ stated that, while generally entitled to controlling weight, treating source opinions could be given little weight if not well supported. (AR 30 (citing 20 C.F.R. §§ 404.1527(d), 416.927(d).))[2] The ALJ found Dr. Daniel's opinion "unsupported by the objective medical evidence." (*Id.*) "For example, his examination findings were normal other than the claimant's subjective complaints of wrist pain." (*Id.* (citing AR 2277-2318).) He gave Dr. Daniel's opinion little weight.

An ALJ may reject a physician's opinion based on inconsistency between the opinion and the physician's own notes or observations, *Bayliss v. Barnhart*, 427 F.3d 1211, 1216 (9th Cir. 2005), or based on inconsistency between the opinion and the record as a general matter, *Tommasetti v. Astrue*, 533 F.3d 1035, 1041 (9th Cir. 2008). As the Commissioner observes, an

---

[2] The provisions of the regulations cited to by the ALJ address medical source opinions on issues reserved to the Commissioner. The ALJ presumably intended to cite to 20 C.F.R. §§ 404.1527(c)(2), 416.927(c)(2), the provisions addressing treating sources.

ORDER
PAGE - 5

ALJ also properly considers the supportability of a medical opinion. 20 C.F.R. §§ 404.1527(c)(3), 416.927(c)(3) ("The more a medical source presents relevant evidence to support a medical opinion, particularly medical signs and laboratory findings, the more weight we will give that medical opinion."). "The ALJ need not accept the opinion of any physician, including a treating physician, if that opinion is brief, conclusory, and inadequately supported by clinical findings." *Thomas*, 278 F.3d at 957. In this case, the ALJ rejected the opinion of Dr. Daniel based on an absence of supportive objective evidence in the record, including in Dr. Daniel's own treatment notes.

Plaintiff disputes the ALJ's interpretation of the record. She denies an absence of objective support and outlines evidence supporting Dr. Daniel's conclusions. (*See* Dkt. 10 at 5-11.) She also, in arguing error in relation to Dr. Daniel, points to the ALJ's discussion of opinion evidence from rheumatologist Dr. Dan La. (Dkt. 10 at 4 and AR 30.) Plaintiff further avers the ALJ failed to apply the appropriate factors in determining the extent to which this treating physician's opinion should be credited. *See Treviso v. Berryhill*, 871 F.3d 664, 676 (9th Cir. 2017) (ALJ erred in failing to consider factors such as the length of the treating relationship, frequency of examination, nature and extent of the treatment relationship, or supportability of the opinion) (citing 20 C.F.R. § 404.1527(c)(2)-(6)).

The ALJ did not relate the reasons for rejecting the opinion of Dr. La to the opinion of Dr. Daniel. (*See* AR 30.) Nor, as the Commissioner appears to suggest (*see* Dkt. 14 at 8), did the ALJ reject Dr. Daniel's opinion based on his failure to reference supportive medical evidence or to explain the basis for assessed limitations on the questionnaire completed. "The Court reviews the ALJ's decision "based on the reasoning and factual findings offered by the ALJ—not post hoc rationalizations that attempt to intuit what the adjudicator may have been thinking." *Bray v.*

*Comm'r of SSA*, 554 F.3d 1219, 1225 (9th Cir. 2009). The parties' post hoc rationalizations are not properly considered.

The Court does, however, find the ALJ's reason for rejecting the opinion of Dr. Daniel insufficient. Many of the records from Dr. Daniel cited by the ALJ as an example do reflect wholly normal physical examination results. However, the examinations, with few exceptions, addressed only plaintiff's head, eyes, ears, nose, throat, heart, and lungs. (*See, e.g.*, AR 2296.) The exceptions to that rule include abnormal objective findings. (*See* AR 2281 (July 19, 2016: "wrist slightly swollen, very tender at distal radius, weakness with grasping"); AR 2301 (October 20, 2016: pain at top of shoulder with a rash; assessing "nerve entrapment" and rash of unknown etiology); AR 2309 (December 7, 2016: "Tender right ribs at sternal border.")) Other treatment notes from Dr. Daniel reveal additional abnormal objective findings. (*See, e.g.*, AR 2048 (September 22, 2015: "left lateral lumbar tenderness"); AR 1988 (February 19, 2016: "right shoulder pain with abduction to 45 degrees, some pain with int and ext rotation."); AR 1984 (March 1, 2016: "Very tender bilateral SI joints. Tender RUQ and suprapubic."); AR 1965, 1974-75 (March 14 and 24, and April 21, 2016: tenderness of bilateral wrists, left more tender even with light touch, pain with flexion and extension of wrists, decreased sensation right finger, pain with Tinnels' on right); AR 2023 (May 9, 2016: "left wrist swelling"); and AR 2016 (June 1, 2016: "Right upper c-spine tenderness, Right shoulder, AC tenderness, pain with abduction to 80 degrees.")) The ALJ erred in stating that Dr. Daniel's examination findings were normal other than plaintiff's subjective complaints of wrist pain.

As plaintiff observes, the record also includes a great deal of other medical evidence. The ALJ did not specifically or directly discuss that evidence in relation to the opinion of Dr. Daniel. (*See* AR 30.) He, instead, discussed the medical evidence of record at step two (AR 24-26) and,

ORDER
PAGE - 7

after addressing the opinion of Dr. Daniel, in relation to plaintiff's symptom testimony (AR 31-32). Plaintiff and the ALJ present different characterizations of the evidence.

The Court properly considers the ALJ's decision as a whole, not solely the portion of the decision addressing the opinion of Dr. Daniel, the weight assigned that opinion, and the reasons for that assignment of weight. *See Rice v. Barnhart*, 384 F.3d 363, 370 n.5 (7th Cir. 2004) ("Because it is proper to read the ALJ's decision as a whole, and because it would be a needless formality to have the ALJ repeat substantially similar factual analyses at both steps three and five, we consider the ALJ's treatment of the record evidence in support of both his conclusions at steps three and five.") (internal citation omitted). The Court is further able to draw "specific and legitimate inferences from the ALJ's opinion." *Magallanes*, 881 F.2d at 755. Indeed, even when explained with "less than ideal clarity," a decision must be upheld "if the agency's path may reasonably be discerned." *Molina v. Astrue*, 674 F.3d 1104, 1121 (9th Cir. 2012) (quoted sources and internal quotation marks omitted). In this case, the Court questions the sufficiency of the ALJ's consideration of the medical evidence as a whole, as well as his consideration of Dr. Daniel's role as a treating physician.

Dr. Daniel's knowledge of plaintiff's condition extended beyond his own examination findings. Dr. Daniel, for example, referred plaintiff to specialists, including an orthopedist, pain management physician, and chiropractor, and considered the results of those referrals, such as the orthopedic examinations addressing plaintiff's wrist and shoulder. (*See, e.g.*, AR 2096, 2239-43, 2281, 2293-95, 2302-05, 2313-16.) His records reflect his knowledge regarding a variety of testing and treatment, including x-rays, physical therapy, pain management, injections, and medication for plaintiff's back, neck, shoulders, and wrists, as well as the treatment provided by her rheumatologist and her mental health counseling. (*See, e.g.*, AR 2014, 2279-83, 2288, 2292-95,

ORDER
PAGE - 8

2296, 2302, 2313-16.) In focusing only on Dr. Daniel's examinations, it is not clear whether the ALJ adequately considered the type and extent of care provided by this treating physician. It is further not clear whether the ALJ's failure to fully or accurately account for the medical evidence was limited to the evidence from Dr. Daniel. For this reason, and for the reasons stated above, the Court finds the ALJ's assessment of Dr. Daniel's opinion to lack the support of substantial evidence.

Symptom Testimony

Absent evidence of malingering, an ALJ must provide specific, clear, and convincing reasons to reject a claimant's testimony.[3] *Burrell v. Colvin*, 775 F.3d 1133, 1136-37 (9th Cir. 2014) (citing *Molina*, 674 F.3d at 1112). "General findings are insufficient; rather, the ALJ must identify what testimony is not credible and what evidence undermines the claimant's complaints." *Lester*, 81 F.3d at 834 (9th Cir. 1996). The ALJ may consider a claimant's "reputation for truthfulness, inconsistencies either in his testimony or between his testimony and his conduct, his daily activities, his work record, and testimony from physicians and third parties concerning the nature, severity, and effect of the symptoms of which he complains." *Light v. Social Sec. Admin.*, 119 F.3d 789, 792 (9th Cir. 1997).

The ALJ here found plaintiff's testimony as to the intensity, persistence, and limiting effects of her symptoms not entirely consistent with the medical and other evidence. The ALJ pointed to an absence of support in the medical record for the degree of physical impairment alleged and evidence that her lupus was well-controlled with medication. (AR 31-32.) He also found the medical evidence did not support plaintiff's allegation of impaired psychological

---

[3] While the Social Security Administration eliminated the term "credibility" from its sub-regulatory policy addressing symptom evaluation, *see* Social Security Ruling (SSR) 16-3p, case law containing that term remains relevant.

ORDER
PAGE - 9

functioning, and pointed to evidence she denied depression and anxiety to her doctors and reported normal enjoyment of activities. (AR 32.) As related to her shoulder impairment, the ALJ found the evidence to reveal relatively benign findings. The ALJ found the fact plaintiff went on a vacation to Florida to visit her brother to suggest her alleged symptoms and limitations may have been overstated, and stated she is "apparently able to care for young children at home, which can be quite demanding both physically and emotionally, without any particular assistance." (*Id*.) "Specifically, the claimant admitted that she cares for four grandchildren for ten hours, five days per week." (*Id*.)

In considering a claimant's testimony, an ALJ properly considers whether the medical evidence supports or is consistent with her allegations, *Rollins v. Massanari*, 261 F.3d 853, 857 (9th Cir. 2001), and Social Security Ruling (SSR) 16-3p, and whether an impairment is effectively controlled with medication, *Warre v. Comm'r of the SSA*, 439 F.3d 1001, 1006 (9th Cir. 2006). An ALJ may also consider a claimant's prior inconsistent statements concerning symptoms, *see Tommasetti v. Astrue*, 533 F.3d 1035, 1039 (9th Cir. 2008), and inconsistency with a claimant's activities, *see Orn v. Astrue*, 495 F.3d 625, 639 (9th Cir. 2007), including evidence of travel or childcare, *see Tommasetti*, 533 F.3d at 1040 (ALJ properly inferred from evidence of claimant's travel that he was not as limited as alleged), and *Rollins*, 261 F.3d at 857 (plaintiff cared for children while husband worked long hours six days a week).

As discussed above, the Court finds further consideration of the medical evidence warranted in this case. Further consideration of that evidence is likewise warranted in relation to plaintiff's symptom testimony. Also, plaintiff's trip to Florida to visit her brother does not provide compelling support for the decision to discount her symptom testimony. *Cf. Tommasetti*, 533 F.3d at 1040 (ALJ reasonably considered "travel to Venezuela for an extended time to care for an ailing

sister"). Finally, while the record does contain evidence supporting the reasonableness of the ALJ's consideration of plaintiff's childcare-related activities,[4] the ALJ did not discuss that evidence. *Cf. Treviso*, 871 F.3d at 676 (ALJ improperly relied on a claimant's childcare responsibilities to her young children without providing details as to what her regular childcare activities involved; "The only childcare responsibilities identified at the hearing were one-off events, such as taking the children to the doctor or attending hearings (often by phone).") *But see Rollins*, 261 F.3d at 857 (claimant "attended to 'all of [her] children's needs; meals, bathing, emotional, discipline, etc.' because her husband worked six days a week, usually from early in the morning until 10 p.m.") Considered as a whole, the Court finds the ALJ's consideration of plaintiff's symptom testimony to lack the support of substantial evidence.

### Lay Testimony

Lay witness testimony as to a claimant's symptoms or how an impairment affects ability to work is competent evidence and cannot be disregarded without comment. *Van Nguyen v. Chater*, 100 F.3d 1462, 1467 (9th Cir. 1996). *But see Molina*, 674 F.3d at 1115-22 (describing how the failure to address lay testimony may be harmless). The ALJ can reject the testimony of lay witnesses only upon giving germane reasons. *Smolen v. Chater*, 80 F.3d 1273, 1288-89 (9th Cir. 1996).

Plaintiff challenges the ALJ's consideration of lay witness statements provided by a friend, Toni Coffman, and former employer, Kari Collins. Plaintiff objects that a lack of supportive medical evidence does not serve as a legally sufficient reason for rejecting this lay testimony. *See, e.g.*, *Diedrich v. Berryhill*, 874 F.3d 634, 640-41 (9th Cir. 2017) (lack of support from "'overall

---

[4] Plaintiff, for example, discussed challenges "in the responsibility of parenting, or coparenting, her special needs grandchildren[,]" and at one point "decided to start taking care of the house and clean up as she realizes her daughter who works isn't going to help out." (AR 2139-40.) Plaintiff also cited the "time demands and family and children's needs" as a "big reason why she is so tired." (AR 2146.)

ORDER
PAGE - 11

medical evidence'" not a germane reason for rejecting lay testimony). However, the ALJ did not reject the lay testimony because it was not supported by the medical evidence. The ALJ found the testimony could not be "afforded significant weight because they are [in]consistent[5] with the medical evidence and opinions in this matter." (AR 31.) A finding of inconsistency or conflict with the medical evidence serves as a germane reason for discounting lay testimony. *Lewis v. Apfel*, 236 F.3d 503, 511 (9th Cir. 2001) ("One reason for which an ALJ may discount lay testimony is that it conflicts with medical evidence."); *accord Bayliss*, 427 F.3d at 1218 (inconsistency with the medical evidence is a germane reason for rejecting lay testimony). Here, the Court finds only that further consideration of the medical evidence for the reasons outlined above could necessitate further consideration of the lay testimony.

## Remand

Plaintiff argues this matter is properly reversed and remanded for an award of benefits. In order to obtain an award of benefits, plaintiff must show (1) the ALJ failed to provide legally sufficient reasons for rejecting evidence, whether claimant testimony or medical opinions; (2) the record has been fully developed and further administrative proceedings would serve no useful purpose; and (3) if the improperly rejected evidence were credited as true, the ALJ would be required to find plaintiff disabled. *Brown-Hunter v. Colvin*, 806 F.3d 487, 495 (9th Cir. 2015). *See also Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1099 (9th Cir. 2014), and *Garrison v. Colvin*, 759 F.3d 995, 1020 (9th Cir. 2014). Plaintiff asserts that, credited as true, the opinion of Dr. Daniel, her testimony, and the lay testimony supports a finding of disability.

A remand for an immediate award of benefits is an "extreme remedy," appropriate "only

---

[5] Both parties reasonably identify as an apparent typographical error the ALJ's statement that these lay opinions were "consistent" with the medical records and opinions. (AR 31.)

ORDER
PAGE - 12

in 'rare circumstances.'" *Brown-Hunter*, 806 F.3d at 495 (quoting *Treichler*, 775 F.3d at 1099). *Accord Leon v. Berryhill*, No. 15-15277, 2017 U.S. App. LEXIS 22330 at *3, 874 F.3d 1130, ___ (9th Cir. Nov. 7, 2017) ("An automatic award of benefits in a disability benefits case is a rare and prophylactic exception to the well-established ordinary remand rule.") Even with satisfaction of the three above-described criteria, the Court retains flexibility in determining the proper remedy. *Brown-Hunter*, 806 F.3d at 495. The Court may remand for further proceedings "'when the record as a whole creates serious doubt as to whether the claimant is, in fact, disabled within the meaning of the Social Security Act.'" *Id*. If the record is uncertain and ambiguous, the matter is properly remanded for further proceedings. *Treichler*, 775 F.3d at 1105.

This matter is properly remanded for further proceedings. The ALJ erred in the sole reason offered for rejecting the opinion of Dr. Daniel and in discounting plaintiff's testimony based on a trip to Florida. The Court also finds further consideration of the medical evidence as a whole warranted. However, it is not clear the record has been fully developed and further proceedings would serve no useful purpose. The Court finds further analysis of the medical evidence necessary in order to allow for a conclusion as to whether or not plaintiff is disabled.

## **CONCLUSION**

For the reasons set forth above, this matter is REMANDED for further administrative proceedings.

DATED this 10th day of September, 2018.

Mary Alice Theiler
United States Magistrate Judge

ORDER
PAGE - 13